## Nathaniel W. Brooks v. George Hargreaves and Samuel Hargreaves.

*Promissory note: Time of payment.* An obligation payable in money, the time of which cannot be made certain by any attainable means, is not a promissory note. It is essential to a promissory note, that it be payable at a time which must certainly arrive in the future, upon the happening of some event, or the completion of some period, not depending upon the future volition of any one.

*Heard July 11. Decided July 12.*

Case made from Wayne Circuit.

This was an action of *assumpsit,* brought by Nathaniel

W. Brooks, in the Circuit Court for the County of Wayne, against George Hargreaves and Samuel Hargreaves. The plaintiff declared upon the common counts, and gave notice that he would offer in evidence under the common counts, an instrument of which the following is a copy, viz:—

"$583.00. DETROIT, MICH., Dec. 24, 1867.

"One year after date, for value received, we promise to pay to Joseph Smith, or bearer, five hundred and eighty-three dollars, with interest—this to be paid when any dividends shall be declared on such shares as Joseph Smith has been holding heretofore in the Agricultural & Broom Handle Manufacturing Company of Trenton, Mich.

(Signed) GEO. HARGREAVES & BRO."

30 cents Revenue Stamp.
    Canceled.

The defendants pleaded the general issue. On the trial, the plaintiff having put the instrument in evidence, the defendants introduced evidence showing that said instrument was given by them to Joseph Smith for certain shares or certificates of stock in the Agricultural & Broom Handle Manufacturing Company of Trenton, which he transferred to them, and that for the same consideration, and as part of the same transaction, they also gave him another note or obligation, in every respect like the one in suit, except that in place of the words "One Year," were written the words "Two Years." It was admitted that no dividends had been declared on said stock since said instruments were made. No other or further evidence was offered or introduced on either side.

The cause was tried without a jury, by the Circuit Judge, who found for the defendants, and judgment being entered thereon, the decision of the Circuit Judge comes before this Court for review upon a case made under the statute.

*Meddaugh & Driggs,* for plaintiff.

The sole question in this case is whether the instrument, a copy of which is appended to the declaration, is a promissory note.

The solution of this question depends on the effect to be given to the words "this to be paid when," etc. If these words are construed as enlarging the time of payment, then the instrument is a simple contract; but if, as we contend, their purpose was to narrow or shorten the time within which it should be paid, then the instrument is a promissory note.

1st. It is a fact entitled to some weight in construing this instrument, that the parties to it evidently understood it to be a promissory note. The makers placed a revenue stamp on it as and for a note. This fact we submit is of controlling importance, where, as in this case, the instrument is so worded that it may fairly be read either as a note or contract, and the language leaves a doubt as to the intention of the parties to it.

2d. But we say the fair and natural meaning of the language used is that the instrument should be paid in one year after date, and sooner if dividends on the stock should be sooner declared. The purchasers of the stock, the defendants, were willing to pay for it when dividends should be declared by which its value should be established and appreciated, whenever that might occur; but, if no dividends should be accrued, then at the definite time fixed in the instrument. If no dividends should be earned or declared, they would pay in one, two and three years, in equal payments, for there were in fact three of these instruments given. Such, undoubtedly, was the real nature of the transaction, and the actual intention of the parties.

3d. Is it to be presumed for a moment that Joseph

Smith, the owner of the stock, was willing and intended to part with it to these defendants—over $1,700.00 in value—for their promise to pay him that sum when and not until a dividend should be declared on those shares? This, we submit, is altogether improbable. A dividend might never be declared, and the market value of the stock still be within a few cents of par. Upon the winding up of the corporation and the sale of its property, the defendants might realize from the proceeds a sum largely in excess of the amount which they promised to pay, for it does not appear that they purchased this stock at its par value, and yet they could never be compelled to pay one dollar. Such a result is more than probable in this case. A construction which might lead to consequences so shocking to the natural sense of justice no court will adopt, if the instrument be fairly susceptible of any other.

4th. The reported cases furnish but slight aid in the construction of this instrument. It is not probable that a case is to be found where an instrument worded in all respects like the one here in question, has undergone judicial construction.

The following are the nearest in point: *Cota v. Buck,* 7 *Metcalf, 588; Stevens v. Blunt,* 7 *Mass.,* 240; *Goodloe v. Taylor,* 3 *Hawks,* 458.

We have thus far assumed that if the instrument be construed as a promise to pay in one year from date at all events, it is a promissory note, and this we think is beyond a doubt the result of the American cases.—*Stevens v. Blunt,* 7 *Mass.,* 240; *Goodloe v. Taylor,* 3 *Hawks,* 458; *Cota v. Buck,* 7 *Met.,* 588; 1 *Pars. on Notes and Bills, p. 38.* Being by express terms payable in one year from date, the fact that it may be payable sooner, on a day not certain, to wit, when a dividend shall be declared, cannot take away from it the character of a promissory note. The

21 MICH.—G².

instrument has a certain time of payment, a time · that must arrive.

A promise to pay a certain sum of money six weeks after the death of a man has been held to be sufficiently definite.—*Cooke v. Calihan, 2 Stra., 1217.* In such case, while the day of payment is sure to arrive, the precise time is uncertain. Within a reasonable period it must occur, while within a certain other and less period in may not.

So it is well established that a promise to pay on *or before* a certain day is sufficiently definite. So a promise to pay on demand.

*E. C. Hindsdale,* for defendant.

I. The instrument is not a promissory note, and therefore not one on which suit can be brought on the common counts under the provision of the statute.—*2 C. L., p. 1148,* § *4161.* It is payable upon a contingency, viz: that a dividend shall be made on the stock mentioned in the instrument. The payment of it is made to depend upon an uncertain event, and thus its negotiability is destroyed.—*Edwards on Bills and Notes, p. 141; Smith's Mercantile Law, p. 253.*

The following are cases of similar obligations,—all payable at a specified time, but with a contingency attached, as in this case; all held not promisory notes.—*Coolidge v. Ruggles, 15 Mass., 387; Hubbard v. Mosely, 11 Gray, 170; American Exchange Bank v. Blanchard, 7 Allen, 333; Hays v. Gwin, 19 Ind., 19; Seacord v. Burking, 5 Denio, 444; Clarke v. Percival, 2 B. and Ad., 660; Robins v. May, 11 Ad. and El., 213; Ayrey v. Fearnsides, 4 M. and W., 168.*

The case of *Stevens v. Blunt, 7 Mass., 240,* is very clearly overruled by the subsequent decision in the same

State, and in the words of the note appended by the editor, was "clearly wrong" when given.

II. By the terms of the instrument, the money to be paid was not due when suit was brought. The promise to pay in one year is qualified by the ensuing condition, "this to be paid when any dividends shall be declared," etc.

A fair construction of this instrument is a promise to pay in one year, provided a dividend should then have been declared, but if not, as soon thereafter as a dividend should be made. It is quite evident that this was the construction which the original parties to the instrument put upon it. *Two* agreements were given, precisely similar in form, except that one is payable in "one year," and the other in "two years," with the added contingency in each. The intention of the parties is plainly manifest, viz: there was to be a credit of at least "one year" on the amount mentioned in the first instrument, and longer, if the stock for which the obligation was given should have produced nothing during that year, and in like manner, there was a credit of at least "two years" on the second obligation, with a further extension in case dividends should not have been made during the two years.

CAMPBELL, CH. J.

The present case involves only the determination of the question whether the claim sued on is in law a promissory note. It is as follows:

"$583.00.     DETROIT, MICH., Dec. 24, 1867.

"One year after date, for value received, we promise to pay to Joseph Smith, or bearer, five hundred and eighty-three dollars, with interest,—this is to be paid when any dividends shall be declared on such shares as Joseph Smith has been holding heretofore in the Agricultural and Broom Handle Manufacturing Company of Trenton, Mich.

"(Signed)   GEO. HARGREAVES & BRO."

(30 cents Revenue Stamp, Canceled.)

The note, with another of the same tenor, except that it began with the words "two years after date," was given for the purchase price of the shares of stock referred to, and no dividends have ever been declared since the notes were given.

It is somewhat difficult to determine the precise meaning of this instrument. When read in the light of the circumstances referred to, it would appear as if it was intended to give credit for one and two years, and to require no payment at all until, by yielding some dividend, the stock sold should be found to have some real value. And such I think is the natural meaning of the language used.

If it does not mean this, then, as claimed by plaintiff, it was payable at all events in one year, but, in case dividends were declared sooner, then it was payable at once upon such declaration. This construction would make both notes payable together, and, however small the dividend, might require both to be paid at any time, however short the interval, after their date, so long as a dividend should be declared. It is hardly possible that such a meaning could have been thought of.

But either of these constructions renders the time of payment uncertain. If in any contingency the note could be demanded within the year, it would be as objectionable as if not demandable until beyond the year. The declaration of a dividend is in either case the criterion, and that cannot be rendered certain by any evidence in advance. It depends entirely on future action by the Company.

As the note on either hypothesis might have become payable at a time which could not be made certain by any attainable means, it cannot be regarded as a promissory note. That must be payable at a time which must certainly arrive in the future, upon the happening of some event or

BROOKS *v.* HARGREAVES.

the completion of some period not depending on the future volition of any one. The maturity of this instrument was liable to be hastened or postponed by the action of the corporation.

As it is possible, upon some further showing, in a suit properly brought, there may be better means of ascertaining the equities, we abstain from deciding finally which construction is correct, or whether there may not be some other one still more in accordance with right.

The judgment below was correct and must be affirmed with costs.

The other Justices concurred.