ALBERT F. CHANDLER v. ABBEY J. CAREY AND DANIEL W. CAREY.

*Promissory note—Agreement for payment of sum on performance of work.*

A written agreement to pay a *fixed* sum of money on or before a given date, upon completion of certain specified work agreed to be performed for the payor by the payee, is not a promissory note, and no recovery can be had thereon without proof of such performance.[1]

Error to Branch. (Pealer, J.) Argued January 6, 1887. Decided January 13, 1887.

Assumpsit. Defendants bring error. Reversed, and judgment entered for appellants for costs of both courts. The facts are stated in the opinion.

*Milo D. Campbell,* for appellants.

*Frank L. Skeels,* for plaintiff.

[1] See *First National Bank v. Carson,* 60 Mich. 432.

MORSE, J. Chandler sued the Careys in justice's court. He declared orally in assumpsit upon the following instrument as a promissory note:

"$119.00.

"For value received, we jointly or severally promise to pay Alonzo Heath, or bearer, one hundred nineteen dollars, on or before the first day of October next, upon completion of the work to be done by said Heath on a dwelling-house to be built by him for said first parties.

"*February 7, 1884.*                    ABBEY J. CAREY.
                                         "D. W. CAREY."

The defendants pleaded the general issue, and gave notice of set-off and recoupment.

Upon the trial in that court the plaintiff testified that he owned the note, and purchased it before due, and paid value for it, and offered the instrument in evidence.

The defendants undertook to show a conversation with Heath, the payee named in the note, but were not permitted to do so.

No further evidence was offered or introduced by either party, and the justice rendered judgment for the plaintiff for the sum of $123.16, and costs.

The plaintiffs in error then sued out a writ of *certiorari* to the circuit court, which court affirmed the judgment of the justice. The case is brought here upon writ of error.

The judgment should be reversed.

The instrument sued upon is not a promissory note, but a simple contract to pay a certain sum of money when certain work is performed by Heath. *Brooks v. Hargreaves,* 21 Mich. 254. There was no evidence that Heath had done the work named in the agreement, and therefore no liability was shown upon the part of the Careys to pay the sum specified in the contract.

The judgment of the circuit and justice's courts must be reversed, and judgment entered here for the plaintiffs in error for the costs of all the courts.

The other Justices concurred.