WAGNER *v.* KINCAID.

1. BILLS AND NOTES—PROMISSORY NOTES—CONDITION OF PAYMENT.
    Instrument containing recital that payee had an equity in a land contract and "that on sale of same must pay this noot, I [defendant] being deed holder of this lot," *held*, not payable until such time as the land contract was sold, hence does not contain the elements essential to a promissory note.

2. CONTRACTS—PAYMENT—REASONABLE TIME.
    Written instrument by which defendant agreed to pay a sum specified upon the happening of a contingency the happening of which might or might not occur and whether it would occur was at least partially within defendant's control and which has now become an impossibility *held,* to have created a debt absolute upon execution of the instrument, due and payable in a reasonable time.

3. SAME—PAYMENT—REASONABLE TIME:
    In action on instrument whereby obligor was to have made pay-
        ment within a reasonable time, where obligation was dated
        August 1, 1929, and action commenced in October, 1937, a
        reasonable time is *held,* to have elapsed since last payment on
        March 23, 1932.

4. LIMITATION OF ACTIONS—PROMISSORY NOTES—LAST PAYMENT.
    The statute of limitations does not run until expiration of statu-
        tory period from time of last payment upon promissory note.

Appeal from Genesee; Gadola (Paul V.), J.   Sub-
mitted October 3, 1939.   (Docket No. 13, Calendar
No. 40,469.)   Decided December 19, 1939.

Assumpsit by Chris E. Wagner against Thomas
Kincaid for sums due on a promissory note.   Judg-
ment for plaintiff.   Defendant appeals.   Affirmed.

*Carton, Gault & Davison,* for plaintiff.

*C. J. Lynch* (*Farley & Elliott,* of counsel), for
defendant.

CHANDLER, J.   Prior to and on August 1, 1929,
plaintiff was in the contracting business, and had in
his employ a certain Mr. Paxton.   Paxton desired to
have plaintiff build a house for him, and having no
lot, they entered into an arrangement with defend-
ant whereby the house in question was built on a
lot owned by him.   Plaintiff claims that as the work
progressed he financed the construction costs, al-
though it appears that a portion of the cost was
supplied by defendant.   Plaintiff also claims that
defendant agreed to give him a "good bankable
note" in satisfaction of the sums expended by him
in erecting the house on defendant's lot.

Defendant claims that after the original discussion
with Paxton he left on a trip and upon his return
found the house completed; and that at the request
of plaintiff he paid some outstanding lumber bills.

Despite the confusion of the testimony, it is reasonably clear that the house was constructed for Paxton on a lot owned by defendant; that defendant paid for materials; and that he was to pay plaintiff the balance the latter had invested in the enterprise.

On August 1, 1929, a land contract for the sale of the property was executed between defendant as vendor and Paxton as vendee. Subsequently defendant executed and delivered to plaintiff the following instrument in satisfaction of his claim, dating the same to correspond with the date of the land contract.

"Flint, Mich. Aug. 1, 1929

"$1143.79   Eleven Hundred and forty
              three seventy nine

———— After date, I, we, or either of us, promise to pay to the order of Criss Wagner, having an equity of same in a land contract on south 60 feet of lot 228 Atherton Homestead No. 2, that on sale of same must pay this noot, I being deed holder of this lot, at Industrial Savings Bank, Flint, Mich.

Value received, with interest at the rate of seven per cent per annum.

I must pay interest on this noot as long as it runs % 7 per.

P. O. ————
Due ————
No. ————              (signed) Thomas Kincaid"

The foregoing instrument is the subject matter of this action. The trial court found it to constitute a note, payable on demand, and entered judgment in the sum of $1,294.63, the total of the unpaid principal and accrued interest.

Defendant appeals, claiming that the instrument in question is not a promissory note payable on demand "but a promise to pay on the happening of a

certain contingency,'' the contingency being a sale of the land contract existing between defendant and Paxton, and that inasmuch as the contingency has not happened, the time of payment has not yet arrived.

Although crudely worded, a reasonable construction of the instrument sued upon leads to the conclusion that it was not to become payable until such time as the land contract between defendant and Paxton might be sold. It does not contain the elements essential to a promissory note. See *First National Bank of Port Huron* v. *Carson,* 60 Mich. 432; *Cayuga County National Bank* v. *Purdy,* 56 Mich. 6. However, whether or not the instrument is a promissory note, as found by the trial court, and thus negotiable, is immaterial as the question of negotiability is not decisive of the result. The instrument is a written undertaking to pay a debt in the sum specified upon the happening of a contingency which, at the time of execution thereof, might or might not occur, depending upon whether or not the obligor effected a sale of the land contract. We do not believe, however, that because at the inception of the instrument the happening of the contingency was partially, at least, within the control of the obligor, or because its happening has now become an impossibility due to the surrender to him on December 4, 1933, of the contract interest of the vendee, an act in which he concurred, the parties intended that the sum should in no event become payable until the contingency happened. A consideration of all the facts and circumstances leads to the conclusion that the debt was absolute upon the execution of the undertaking, the time of payment being placed in the future. We hold that the debt became due and payable in a reasonable time.

See *Nunez* v. *Dautel,* 19 Wall. (86 U. S.) 560; *Crooker* v. *Holmes,* 65 Me. 195 (20 Am. Rep. 687) ; *Noland* v. *Bull,* 24 Ore. 479 (33 Pac. 983). See, also, note, L. R. A. 1917B, 1050.

The obligation was dated August 1, 1929. Action was instituted in October, 1937. A reasonable time had elapsed and the obligation had become payable at the time the action was brought. The statute of limitations* had not run as the record shows that payments had been made on the obligation at various times between September 1, 1929 and March 23, 1932.

Defendant cites *Brooks* v. *Hargreaves,* 21 Mich. 254, and *Chandler* v. *Carey,* 64 Mich. 237 (8 Am. St. Rep. 814). In both of these cases, the question at issue was whether or not the instruments sued upon were negotiable. If not negotiable, the plaintiffs had no right to maintain their actions. They are thus distinguishable from the instant case.

Judgment affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and MCALLISTER, JJ., concurred.

* See 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).—REPORTER.