**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

**v.**

**Peter R. STONE, Carole K. Barnett, and Richard M. Wood, Defendants.**

**Civ. A. No. 82–60415.**

United States District Court,
E.D. Michigan, S.D.

Dec. 22, 1983.

Larry E. Powe, Freeman, McKenzie, Matthews, Scherer & Stepek, Mount Clemens, Mich., for plaintiff.

Ronald G. Carpenter, Brimacombe & Schlecte, Ann Arbor, Mich., Robert E. Butcher, Southgate, Mich., Peter P. Darrow, Ann Arbor, Mich., for defendants.

### MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is an action by the F.D.I.C. to recover on a note that it purchased in connection

with the failure of the Community Bank of Washtenaw. The complaint was originally filed by the Community Bank of Washtenaw. The F.D.I.C. in its corporate capacity was substituted as the plaintiff on November 6, 1982.

The F.D.I.C., as receiver, transferred certain liabilities and sold certain assets of the Community Bank of Washtenaw to Michigan National Bank of Ann Arbor in order that the bank could continue, and for the protection of depositors. The F.D.I.C. purchased all of the unacceptable assets of the Community Bank of Washtenaw in connection with the assumption agreement. The loan in question was purchased in this transaction.

The note was signed by the defendants Stone and Barnett and guaranteed by defendant Wood and carried an annual interest rate of 15.21%. All defendants asserted, among other unrelated claims, the defense of usury. During the trial, the F.D.I.C. made a motion for summary judgment on the usury claim. The Court denied the motion at that time and submitted the relevant factual question to the jury, with the understanding that the issue of whether this defense is available against the F.D.I.C. might be raised and fully briefed, if necessary, by way of motion for judgment notwithstanding the verdict.

The jury found that all defendants were liable on the note. The jury further found that the note was not made for a business purpose, which would make it usurious under Michigan law, Mich.Comp.Laws Ann. §§ 438.31 and 438.61.

This matter is now before the Court on the plaintiff F.D.I.C.'s Motion for Judgment Notwithstanding the Verdict and on the Motions for Costs and Attorney Fees filed by all defendants. For the reasons given below, the plaintiff's motion is granted and the defendants' motions are denied.

The question before the Court is whether the defense of usury may be asserted against the F.D.I.C. with respect to a note purchased in its corporate capacity in connection with an assumption agreement. If this defense is available against the F.D.I.C., the defendants seek costs and attorney fees as sanctions for the usurious loan under Mich.Comp.Laws Ann. § 438.32.

By statute, the F.D.I.C. is afforded a position superior to that of the bank from which it purchased the assets and certain defenses that might have been raised against the bank in connection with the note may not be raised against the F.D.I.C. operating in its corporation capacity.

(e) No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

12 U.S.C. § 1823(e). While the statute does not specifically address the problem presently before the Court, it does evidence the intent of Congress to protect the F.D.I.C. when it is acting in its corporate capacity and acquiring assets of a bank under section 1823.

In 1942, the Supreme Court in *D'Oench, Duhme & Co. v. F.D.I.C.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956, held that the defense of lack of consideration could not be asserted against the F.D.I.C. by the maker of a note because the maker had participated in creating a questionable asset on the books of the bank. The Court held that it was irrelevant that the maker "was not a participant in this particular transaction and, so far as appears, was ignorant of it", *Id* at 459, 62 S.Ct. at 680, because the maker was responsible for the creation of the false status of the note in the hands of the bank. The Court relied upon the policy

of the act to protect the F.D.I.C. from misrepresentations as to the genuineness or integrity of assets appearing on the books of the bank which may have influenced the actions of the F.D.I.C. in its dealings with the bank.

Other courts have read *D'Oench* and the statutory provision cited above as creating a status for the F.D.I.C., acting in its corporate capacity, equivalent to that of a holder in due course. *E.g., F.D.I.C. v. Lesselyoung,* 476 F.Supp. 938 (E.D.Wis.1979), *aff'd.* 626 F.2d 1327 (7th Cir.1980); *F.D.I.C. v. Rockelman,* 460 F.Supp. 999 (E.D.Wis. 1978). Some cases use the language associated with a holder in due course, *i.e.,* purchased for value, in good faith, and without knowledge of the fraud. *See, e.g., Gunter v. Hutcheson,* 674 F.2d 862 (11th Cir.1982). In *F.D.I.C. v. Leach,* 525 F.Supp. 1379 (E.D.Mich.1981), decided in this district, Judge Taylor held that the F.D.I.C. occupied a position of greater strength than that of a holder in due course.

■ The F.D.I.C., acting in its corporate capacity to rehabilitate a failing bank under the provisions of 12 U.S.C. § 1823, must act quickly and must purchase all of the unacceptable assets of the bank. Under the circumstances, it cannot be expected to carefully examine the unacceptable assets before making the necessary decisions to facilitate the transaction. *Gilman v. F.D.I.C.,* 660 F.2d 688 (6th Cir.1981). Consequently, it is reasonable to characterize the F.D.I.C. as one who takes for value, in good faith, and without notice of any deficiencies in the particular asset.

While the F.D.I.C. does not meet all of the statutory requirements for a holder in due course under the Uniform Commercial Code § 3–302, Mich.Comp.Laws Ann. § 440.3302, this Court agrees, with the other courts which have examined this question, that the F.D.I.C. should occupy a status equivalent to that of a holder in due course and have all of the rights that are available to a holder in due course when acting in its corporate capacity. Federal, rather than state, law applies when the action involves the F.D.I.C. and, therefore, the Court is not bound to a technical reading of state statutes on this issue. *D'Oench, supra; Leach, supra* at 1389. This holding is consistent with the Congressional purpose in protecting the F.D.I.C. when it acts pursuant to section 1823 to restore the insured bank to normal operation.

■ In Michigan, a statutory holder in due course of a promissory note is not subject to the usury defense, unless the holder had actual notice that the note was given at a usurious rate. Mich.Comp.Laws Ann. § 438.5. The statute requires actual knowledge and there is no evidence that the F.D.I.C. had such knowledge. Furthermore, in light of the Court of Appeals decision in *Gilman, supra,* the F.D.I.C. is not required to examine the assets it purchases pursuant to section 1823 and, therefore, could not be held liable on a theory of imputed knowledge.

The F.D.I.C. is not subject to the usury defense in this case. It enjoys a status equivalent to a holder in due course and Michigan exempts holders in due course from the operation of the usury statute.

Therefore, the plaintiff's Motion for Judgment Notwithstanding the Verdict is granted. The defendants' Motions for Costs and Attorney Fees were based upon the state usury statute. In view of the holding that the usury defense is not available against the F.D.I.C., the defendants' motions are denied.

SO ORDERED.