FEDERAL DEPOSIT INSURANCE CORPORATION v GARBUTT

Docket No. 76930. Submitted March 5, 1985, at Lansing.—Decided
    May 6, 1985.

> Defendant, Robert B. Garbutt, is an industrial and architectural
> designer. On August 2, 1974, he signed a promissory note in the
> amount of $12,800 payable to Tri-City Bank 90 days after date.
> Interest on the note was 14% per annum. Less than two
> months later, Tri-City Bank was determined to be insolvent
> and on September 27, 1974, the bank was ordered closed and
> plaintiff, Federal Deposit Insurance Corporation, was appointed
> receiver. As receiver, FDIC arranged for another bank to take
> over deposits at Tri-City as well as some of the assets. The
> remaining assets, including the $12,800 note signed by defen-
> dant, were purchased by FDIC in its corporate capacity on
> September 28, 1974. The note remained unpaid at its maturity
> on October 31, 1974. In February, 1981, FDIC filed a complaint
> in the Livingston Circuit Court alleging that defendant had
> failed to pay on the note since May 15, 1978, and that a
> principal balance of $6,600 remained unpaid, plus interest at
> 14%. Defendant answered and admitted the execution of the
> note and his failure to pay the full indebtedness. He raised, as
> affirmative defenses, claims that the note was usurious on its
> face and that the statute of limitations barred plaintiff's claim.
> At trial, plaintiff introduced the note into evidence and an
> "affidavit", signed by defendant but not notorized, which stated
> that defendant was in the business of industrial design, that he
> made application for a business loan from Tri-City Bank and
> that the proceeds of the loan would be used as working capital

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur 2d, Bills and Notes § 1038.
[2] 12 Am Jur 2d, Bills and Notes §§ 1044, 1061.
    51 Am Jur 2d, Limitation of Actions §§ 126, 360 et seq.
[3] 5 Am Jur 2d, Appeal and Error §§ 841, 843.
    76 Am Jur 2d, Trial § 1258.
[4] 5 Am Jur 2d, Appeal and Error §§ 545, 548.
[5] 45 Am Jur 2d, Interest and Usury §§ 262, 266.
    Statute denying defense of usury to corporation. 63 ALR2d 924.
[6] 61A Am Jur 2d, Pleading §§ 174, 179.

for his business. Plaintiff offered ledger records of Tri-City Bank and FDIC regarding the loan as evidence of payment but defendant's objection to their admissibility was sustained. However, a check for $200 signed by defendant, drawn on his corporate account of Design 4, Inc., and payable to FDIC was admitted. The check was dated May 11, 1978, and had the Tri-City Bank note number in the lower left corner. Although plaintiff was not permitted to introduce its ledgers into evidence, a bank liquidation specialist employed by FDIC testified that there was an outstanding principal balance of $6,600, which FDIC sought to recover. Defendant testified that he had three loans with Tri-City Bank at the time it closed. While acknowledging the authenticity of the $12,800 note, he testified that he did not recall whether or not he had borrowed the money for business purposes. He testified that he had made payments on the note to the bank and to FDIC but he did not recall when those payments were made or the total amount paid. The trial court, Bert M. Hensick, J., reviewed the exhibits which had been admitted at trial and made the following findings of fact and conclusions of law. "Defendant offered me nothing, no denial of the note or the amount of the note, no evidence of any payments since Exhibit 3 and 4 [the ledger records] which were offered, were objected to legitimately so— and therefore I have no evidence of them. I now have a note, that note says interest rate at 14 percent, under the laws of the State of Michigan that is clearly usurious. This piece of paper that purports to be an affidavit is clearly not an affidavit, it is not a sworn statement, it has a specific provision on it in whoever drew it saying subscribed and sworn to before me this blank day of blank 19 blank, Notary Public, blank County, Michigan. My commission expires, none of that is filled in, even no date, no nothing and yet that is what is offered to this Court on the basis of the particular statute. * * * I've now got a note, usurious interest rate. I throw out the interest. I've now got a note for $12,800 and Mr. Garbutt apparently owes that much since no testimony, no evidence whatsoever of any interest or any payments has been submitted to the Court. There's been some conversation, there's been one check from Design Four, Incorporated and I don't know what that has to do with Mr. Garbutt individually so therefore I'm not willing to accept that. Okay. I'm down to $12,800, I herewith allow the defense attorney attorney fees in the amount of $1,500 off of that amount, the statute says I will also allow him costs if he's got any costs, I'll knock that off too. Let him submit it in that form and other than that the plaintiff is entitled to the balance with no interest on it." The court entered judgment for plaintiff in

the amount of $11,300 plus 12% statutory interest. Defendant appealed and plaintiff cross-appealed. *Held:*

1. An action on a promissory note is subject to the six-year statutory limitation period governing breach of contract actions. A cause of action for breach of contract generally accrues when the breach occurs. However, if a partial payment is made on a note after it matures, a cause of action accrues as of the time of the partial payment. There is an inconsistency between the judge's findings of fact and conclusions of law. The statute of limitations will bar plaintiff's suit unless defendant made a payment on the note within six years of filing.

2. The defense of usury is not available as a defense in a suit brought by the Federal Deposit Insurance Corporation in its corporate capacity.

3. Any statement of fact set forth in any pleading shall be treated as an admission by the pleader and need not be proved by the opposite party. Defendant is entitled to rely on plaintiff's request for judgment in the amount of $6,600.

Judgment set aside and case remanded for further proceedings.

1. LIMITATION OF ACTIONS — PROMISSORY NOTES — CONTRACTS.

An action on a promissory note is subject to the six-year statutory limitation period governing breach of contract actions (MCL 600.5807; MSA 27A.5807).

2. LIMITATION OF ACTIONS — PROMISSORY NOTES — CONTRACTS.

A cause of action for breach of contract generally accrues when the breach occurs; however, if a partial payment is made on a note after it matures, a cause of action accrues as of the time of the partial payment.

3. TRIAL — FINDINGS OF FACT — BENCH TRIAL — COURT RULES.

The General Court Rules require a trial court, when sitting as the trier of fact, to find the facts specially and state separately its conclusions of law thereon; the purpose of this requirement is to reveal the law applied by the factfinder while such specificity also serves to aid appellate review; the Court of Appeals will reverse only if the factual findings are clearly erroneous (GCR 1963, 517.1).

4. APPEAL — PRESERVING QUESTION.

The appellate courts in Michigan generally will not consider issues raised for the first time on appeal; however, this rule is not inflexible and will not be applied where consideration of a claim not previously raised is necessary to a proper determina-

tion of the case and where the issue is one of law suitable for resolution.

5. Interest — Usury — Federal Deposit Insurance Corporation.

The defense of usury is not available as a defense in a suit brought by the Federal Deposit Insurance Corporation in its corporate capacity.

6. Pleading — Admissions — Court Rules.

Any statement of fact set forth in any pleading shall be treated as an admission by the pleader and need not be proved by the opposite party (GCR 1963, 604).

*Freeman, McKenzie, Matthews, Scherer & Stepek, P.C.* (by *Larry E. Powe),* for plaintiff.

*David L. Kull,* for defendant on appeal.

Before: Allen, P.J., and Gribbs and T. Gillespie,* JJ.

Allen, P.J. This is an action on a promissory note made by defendant Robert Garbutt and payable to Tri-City Bank of Warren, Michigan, plaintiff FDIC's predecessor in interest. Following a bench trial in Livingston Circuit Court, a judgment in plaintiff's favor for $11,300 plus 12% statutory interest was entered. Defendant's motion for a new trial was denied on February 17, 1984. Defendant appeals as of right and plaintiff has filed a cross-appeal.

Defendant is an industrial and architectural designer. On August 2, 1974, he signed a promissory note in the amount of $12,800 payable to Tri-City Bank 90 days after date. Interest on the note was 14% per annum.

Less than two months later, Tri-City Bank was determined to be insolvent and on September 27, 1974, the bank was ordered closed and FDIC was appointed receiver. As receiver, FDIC arranged for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

another bank to take over deposits at Tri-City as well as some of the assets. The remaining assets, including the $12,800 note signed by defendant, were purchased by FDIC in its corporate capacity on September 28, 1974.

The note remained unpaid at its maturity on October 31, 1974.

In February, 1981, FDIC filed a complaint alleging that defendant had failed to pay on the note since May 15, 1978, and that a principal balance of $6,600 remained unpaid, plus interest at 14%. Defendant answered and admitted the execution of the note and his failure to pay the full indebtedness. He raised, as affirmative defenses, claims that the note was usurious on its face and that the statute of limitations barred plaintiff's claim.

At trial, plaintiff introduced the note into evidence and an "affidavit", signed by defendant but not notarized, which stated that defendant was in the business of industrial design, that he made application for a business loan from Tri-City Bank and that the proceeds of the loan would be used as working capital for his business. Plaintiff offered ledger records of Tri-City Bank and FDIC regarding the loan as evidence of payment but defendant's objection to their admissibility was sustained. However, a check for $200 signed by defendant, drawn on his corporate account of Design 4, Inc., and payable to FDIC was admitted. The check was dated May 11, 1978, and had the Tri-City Bank note number in the lower left corner.

Although plaintiff was not permitted to introduce its ledgers into evidence, James Willess, a bank liquidation specialist employed by FDIC, testified that there was an outstanding principal balance of $6,600, which FDIC sought to recover.

Defendant was called as an adverse witness under the statute and testified that he had three

loans with Tri-City Bank at the time it closed. While acknowledging the authenticity of the $12,-800 note, he testified that he did not recall whether he had borrowed the money for business purposes. He testified that he had made payments on the note to the bank and to FDIC but he did not recall when those payments were made or the total amount of the note paid. Defendant rested without presenting any proofs.

Following argument of counsel, the trial court reviewed the exhibits which had been admitted at trial and made the following findings of fact and conclusions of law:

"As I suggested to counsel or attempted to suggest to counsel before we rested and reopened and rested cases, *defendant offered me nothing, no denial of the note or the amount of the note, no evidence of any payments since Exhibit 3 and 4 [the ledger records] which were offered, were objected to legitimately so—and therefore I have no evidence of them.* I now have a note, that note says interest rate at 14 percent, under the laws of the State of Michigan that is clearly usurious. This piece of paper that purports to be an affidavit is clearly not an affidavit, it is not a sworn statement, it has a specific provision on it in whoever drew it saying subscribed and sworn to before me this blank day of blank 19 blank, Notary Public, blank County, Michigan. My commission expires, none of that is filled in, even no date, no nothing and yet that is what is offered to this Court on the basis of the particular statute.

\* \* \*

"I've now got a note, usurious interest rate. I throw out the interest. I've now got a note for $12,800 and Mr. Garbutt apparently owes that much since no testimony, *no evidence whatsoever of any interest or any payments has been submitted to the Court. There's been some conversation, there's been one check from Design Four, Incorporated and I don't know what that has to do with Mr. Garbutt individually so therefore I'm not willing to accept that.*

"Okay. I'm down to $12,800, I herewith allow the defense attorney attorney fees in the amount of $1,500 off of that amount, the statute says I will also allow him costs if he's got any costs, I'll knock that off too. Let him submit it in that form and other than that the plaintiff is entitled to the balance with no interest on it." (Emphasis supplied.)

An action on a promissory note is subject to the six-year statutory limitation period governing breach of contract actions set forth in MCL 600.5807; MSA 27A.5807. See, also, *Wrigglesworth v Lott,* 307 Mich 161; 11 NW2d 843 (1943). While a cause of action generally accrues when the breach of the contract occurs, *In re Easterbrook Estate,* 114 Mich App 739; 319 NW2d 655 (1982), if a partial payment is made on a note after it matures, a cause of action accrues as of the time of the partial payment. *Bonga v Bloomer,* 14 Mich App 315; 165 NW2d 487 (1968); *Wagner v Kincaid,* 291 Mich 262; 289 NW 154 (1939).

In the present case, the breach occurred on October 31, 1974, the date that defendant failed to pay the note at its maturity. Thus, plaintiff had six years from that time to file suit in a timely fashion. Because defendant properly raised the statute of limitations as a defense in his answer, unless plaintiff could prove that defendant had made a partial payment on the note after its maturity and within six years from the February, 1981, filing of the complaint, the action would be barred. In its complaint and at trial, plaintiff sought to establish that defendant had made payments on the note, reducing the principal balance to $6,600, with the last payment occurring in May of 1978. Had plaintiff established this fact, then judgment in its favor could properly be entered. However, absent a finding that a payment had been made within six years of the February, 1981,

filing, defendant would be entitled to a dismissal of the action.

The difficulty with this case lies in the inconsistency between the trial judge's findings of fact and his conclusions of law. While FDIC argues that evidence of payment was introduced by virtue of the $200 corporate check signed by defendant, and that the court must have found evidence of payment because it proceeded to render a judgment on the note, the express findings of the trial court do not support such a conclusion. GCR 1963, 517.1 requires the trial court, when sitting as the trier of fact, to "find the facts specially and state separately its conclusions of law thereon". The purpose of this requirement is to reveal the law applied by the factfinder while such specificity also serves to aid appellate review. Because of the special ability of the trial judge to assess the credibility of the evidence, this Court will reverse only if the factual findings are clearly erroneous. *Rigoni v Michigan Power Co,* 131 Mich App 336; 345 NW2d 918 (1984); *Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976).

In this case, the trial court expressly stated that there was no evidence of any payments on the note, either of principal or of interest. The court did refer to the Design 4, Inc., check which FDIC claims as evidence of defendant's payment on the note but stated that "I don't know what that has to do with Mr. Garbutt individually so therefore I'm not willing to accept that". Despite these findings, the court proceeded to award FDIC the face value of the note (minus certain costs) despite the fact that the note had matured over six years prior to the filing of the initial complaint.

We find the trial court's inconsistency puzzling and we are unable, from this appellate remove, to harmonize those divergent findings and conclu-

sions. If, as plaintiff claims, the trial court implicitly found that plaintiff had proven that defendant had made a payment sufficient to prevent the operation of the statute of limitations, what evidence supported that conclusion and why did the court expressly state that there was no evidence of any payments on the note? If the trial court found that the $200 check was evidence of a payment on the note, as plaintiff claims, why did that partial payment not serve to reduce defendant's principal indebtedness on the note? If the trial court found evidence of a payment but then shifted the burden to defendant to show the extent of his payment on the note, why did the court not accept plaintiff's claim that FDIC was only seeking $6,600 and not the face value of the note?

Because of the trial court's inconsistent findings, we are compelled to set aside the judgment and to remand for further findings and for clarification. As stated by Justice Cardozo, in *United States v Chicago, M, St P & P R Co,* 294 US 499, 511; 55 S Ct 462; 79 L Ed 1023 (1935): "We must know what a decision means before the duty becomes ours to say whether it is right or wrong." It is not the function of this Court to speculate as to the meaning of the contradictory findings and judgment.

In order to provide guidance for the trial court on remand, we make the following observations. Action on the August 2, 1974, promissory note was barred on its face by the statute of limitations. Thus, in order to avoid the statutory bar, it was incumbent upon plaintiff to establish that defendant had made a payment on the note within six years of the filing of the complaint. Where the note clearly establishes that the action would be barred by its terms, and the note is admitted into evidence, defendant does not bear the burden of

proving a lack of payment in order to prevail on the limitations defense.

If the trial court determines that plaintiff failed to establish that a partial payment on the note was made, judgment shall be entered in defendant's favor. However, if the court determines that plaintiff did establish that payment was made and that the action was filed within six years of that date, and makes findings of fact in support of that conclusion, then the court shall enter judgment in plaintiff's favor and proceed to the determination of damages.

At this juncture, it is appropriate to discuss plaintiff's cross-appeal with regard to the question of usury. At trial, plaintiff argued that the asserted defense of usury was inapplicable to it because of the statutory exemption set forth in MCL 438.61; MSA 19.15(71). To that end, plaintiff introduced the "affidavit" of defendant and argued that, although it was not notarized and therefore did not constitute technical compliance with the statute, it was sufficient to satisfy the exemption. Plaintiff relied on *Federal Deposit Ins Corp v Leach,* 525 F Supp 1379 (ED Mich, 1981), in support of this position.

On appeal, plaintiff now argues that the state usury statute does not apply at all and that federal law mandates a finding that the defense of usury cannot be applied to deny the FDIC recovery of the 14% interest rate on the note. See, *e.g., Federal Deposit Ins Corp v Tito Castro Construction, Inc,* 548 F Supp 1224 (D PR, 1982), *aff'd on other ground,* 741 F2d 475 (CA 1, 1984); *Federal Deposit Ins Corp v Stone,* 578 F Supp 144 (ED Mich, 1983). Other considerations such as the necessity for a uniform federal rule, the public function of the FDIC when it acts in its corporate capacity in a "purchase and assumption" transac-

tion, and the purpose of the usury statute itself are cited as justifications for allowing the recovery of the interest. See, *Gunter v Hutcheson,* 674 F2d 862 (CA 11, 1982); *Gilman v Federal Deposit Ins Corp,* 660 F2d 688 (CA 6, 1981); *Tito Castro, supra; Stone, supra.*

It is apparent that plaintiff has shifted its position on appeal and now asserts grounds different than those raised in the trial court to support its claim. Generally, issues raised for the first time on appeal will not be considered by an appellate court. *National Bank of Royal Oak v Frydlewicz,* 67 Mich App 417; 241 NW2d 471 (1976). Moreover, we are troubled that counsel would assert one ground at trial to support his position *(i.e.,* that the Michigan usury statute applied but that plaintiff fell within an exemption from the statute) and, when that theory proves unsuccessful, assert an entirely different theory on appeal *(i.e.,* that a state usury statute cannot apply at all to the FDIC when it acts in its corporate capacity). Such conduct can only hamper the trial court in its efforts to resolve the merits of the underlying dispute and may preclude the court from applying the appropriate and controlling legal principles.

However, the general rule of waiver is not absolute or inflexible. Where consideration of a claim is necessary to a proper determination of the case and where the issue is one of law suitable for resolution, this Court may consider the claim. See, *Trail Clinic, PC v Bloch,* 114 Mich App 700; 319 NW2d 638 (1982). In the present case, plaintiff's argument that federal law controls is well taken. See, 12 USC 1819; *D'Oench, Duhme & Co v Federal Deposit Ins Corp,* 315 US 447; 62 S Ct 676; 86 L Ed 956 (1942), *reh den* 315 US 830; 62 S Ct 910; 86 L Ed 1224 (1942); *Federal Deposit Ins Corp v Bank of America National Trust & Savings Ass'n,* 701 F2d 831 (CA 9, 1983).

A review of the cited cases reveals both the strong public policy concerns implicated in a "purchase and assumption" transaction and the commensurate preference given to FDIC in its position as corporate insurer. *Gilman, supra; D'Oench, supra.* In order to facilitate the congressional intent to protect the FDIC and the public funds which it administers, it is accorded a preferential status similar, but generally superior, to that of a holder in due course. *Leach, supra; Stone, supra; Gilman, supra.* In light of these federal holdings, we are constrained to find that FDIC is not subject to the defense of usury in a suit brought by the FDIC in its corporate capacity. Although not specifically raised by plaintiff in the lower court, it is a question of law which controls the determination of the issue of damages.

Therefore, should the trial court, on remand, reach the issue of damages, it shall apply the stated 14% interest rate in the note. However, given plaintiff's request for judgment in the principal amount of $6,600, it was clear error for the trial court to award plaintiff the full face value of the note. At no time was a claim made for the entire $12,800 and defendant was entitled to rely on the admission in plaintiff's complaint, GCR 1963, 604, and was not required to prove the principal balance remaining on the note. While defendant could have sought to introduce evidence to illustrate that a greater portion of the note balance had been paid, his failure to do so does not negate the fact that plaintiff only claimed entitlement to $6,600.

The judgment is set aside and this case is remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.