HYGELUND *v.* ATLAS.

1. VENDOR AND PURCHASER—FORECLOSURE—ACCELERATION CLAUSE—EQUITY.

Where, in suit to foreclose land contract for sale of farm, it appears that vendors leased farm and paid rent in advance, but the second year dispute arose as to amount due because vendors refused to allow off-set of rent in advance, and vendee insisted on right to deduct it from payment, it would be inequitable to enforce acceleration clause in contract, since there was an honest dispute as to amount vendee was required to pay, and he was not unreasonable in insisting that vendors' holding over from year to year was on same terms as original lease.

2. SAME—REDEMPTION—AMOUNT DUE.

Vendee making lawful tender of amount due, renewing tender during hearing of foreclosure proceedings, and expressing willingness to pay amount due up to time of decree, should be allowed to do so, deducting therefrom unpaid rent due from vendors on which they should pay interest of 5 per cent.; vendee to pay no interest on amount tendered, but to pay 6 per cent. on other unpaid amounts.

Appeal from Washtenaw; Sample (George W.), J. Submitted June 19, 1929. (Docket No. 146, Calendar No. 34,287.) Decided July 8, 1929. Rehearing denied September 4, 1929.

Bill by Gerhardt H. Hygelund and another against Edward A. Atlas to foreclose a land contract. From a decree for plaintiffs, defendant appeals. Modified, and decree entered.

*Crandell & Loree,* for plaintiffs.

*Grosner & Burak,* for defendant.

McDONALD, J.  This bill was filed to foreclose a land contract for the sale of a farm in the township of Augusta, Washtenaw county, Michigan.  The consideration was $12,600.  A down payment of $4,000 was made.  The balance was to be paid in semi-annual payments of $250 each with interest at 6 per cent. except as to amounts in default, which were to bear interest at 7 per cent.  The contract contained the usual acceleration clause.  At the time of the sale, the plaintiffs desired to remain on the farm and rented it by written lease for one year at a rental of $200, which was paid in advance.  They are still in possession as tenants on the same terms.  The contract was executed April 19, 1926.  The first payment on the principal came due in October.  It was paid.  When the second payment became due in April, 1927, the defendant deducted the rent, which he claimed was due in advance, and tendered payment of the balance.  The plaintiffs refused to accept it, and began proceedings before the circuit court commissioner, where they recovered a judgment.  The defendant paid the amount found to be due.  Hostilities were resumed when the next payment became due, in October, 1927.  The plaintiffs refused to pay the rent, and the defendant insisted on his right to deduct it from his payment.  The result was a declaration of forfeiture by the plaintiffs and this suit to foreclose the contract.  On the hearing, the circuit judge found that the defendant was in default and under the acceleration clause of the contract determined that the whole of the unpaid balance of the purchase price was due and payable.  He decreed a sale of the property and gave the defendant 30 days in which to redeem.  The defendant has appealed.

The court was wrong in his determination of the amount due.  The acceleration clause of the con-

tract was valid and binding, but should not have been applied, because there was an honest dispute over the amount which the defendant was required to pay. He claimed that the rent for 1927 was due, and that he had a right to deduct it from the payment as he had done the previous year. The first year's rent was paid in advance. Thereafter the plaintiffs held over from year to year without any different agreement as to time of payment. The defendant was not unreasonable in insisting that they were holding over on the same terms as in the original lease and that he had a right to deduct the rent from the payment. In view of these facts, it would be inequitable to enforce the provision of the contract providing for acceleration of payments. *Wilcox* v. *Allen,* 36 Mich. 160.

With the acceleration clause eliminated, there is no difficulty in determining the exact amount due. The bill was filed December 22, 1927. It is conceded that on January 17, 1928, defendant made a lawful tender of $646.09, the total amount due at that time. This tender was renewed during the hearing. In his brief, the defendant expresses a willingness to pay the amount due on the contract up to the time of the decree of this court. He should be given that privilege. From this amount should be deducted the unpaid rent, on which the plaintiffs will be charged with interest at 5 per cent. As a proper tender of $646.09 was made on January 17, 1928, the plaintiffs are not entitled to interest on that amount from the date of tender. On all other unpaid amounts, the defendant will pay interest at 6 per cent. from their due dates. A decree will be entered in this court in accordance with this opinion. The defendant will have costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.