MOORE v. BUNCH

Vendor and Purchaser—Acceleration—Good-Faith Dispute.
A land contract vendor may not obtain enforcement of the contract's acceleration clause in equity where the vendee withholds payments because of a good-faith dispute with the vendor about the condition of the property; it is not necessary that the dispute be about the amount due under the contract.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 October 8, 1970, at Lansing. (Docket No. 7656.) Decided January 19, 1971.

Complaint by Geneva Moore against Donohue Bunch and Nancy A. Bunch for foreclosure of a land contract. Judgment for plaintiff. Defendant appeals. Reversed.

*McDonnell, Kramer & McDonald,* for plaintiff.

*L. Edwin Wenger,* for defendants.

Before: Levin, P. J., and T. M. Burns and J. E. Hughes,* JJ.

T. M. Burns, J. In July of 1967 plaintiff and her husband (now deceased), as vendors, and defendants, as vendees, executed a land contract.

___

* Circuit judge, sitting on the Court of Appeals by assignment.

Reference for Points in Headnote
55 Am Jur, Vendor and Purchaser §§ 340, 453.

The contract contained the customary acceleration clause which gave plaintiff the option of declaring the entire balance due in the event of default for 45 days. Defendants paid $10,000 of the $42,000 purchase price immediately, and under the terms of the contract, were to pay $225 on the 21st day of each month beginning in September, 1967.

Payments were made regularly, although a few days late, through April, 1968. Defendants then stopped payments and informed the plaintiff that they were having trouble with the plumbing and septic tank, and that they sought a reduction in purchase price due to what they believed were misrepresentations of fact.

When no agreement with the plaintiff could be reached, defendants consulted their attorney who immediately wrote to the plaintiff demanding a reduction in the purchase price and informing her that all future payments would be made into escrow until an agreement between the parties could be reached.

When again no agreement was reached between the parties, the plaintiff brought suit to foreclose. The defendants alleged misrepresentation in several particulars including the septic tank, internal drainage, and electric circuits. The trial court found for the plaintiff with a small set-off to the defendants.[1] Defendants appeal contending that the acceleration clause should not have been given effect by the trial court because there was an honest dispute between the parties as to the amount owed.

---

[1] The trial court awarded defendants $200 for a pump which had become unuseable while vendors were still in possession of that portion of the land upon which the pump is located and $30 for the removal of some rubbish which, under the terms of the contract, it was plaintiff's duty to remove.

An early case which gave relief from the effect of an acceleration clause is *Wilcox* v. *Allen* (1877), 36 Mich 160, 169, where the court stated:

"We are all clearly of opinion that advantage can only be taken of a clause of this kind in a case where there can or ought to be no reasonable dispute between the parties as to the amount due and unpaid. Where the mortgagor in good faith and upon reasonable grounds denies his liability to pay interest, or if he is so liable, claims it to have been paid, he cannot thus be made liable, even although it should turn out that he was in error. This clause is in the nature of a forfeiture or penalty. Its object is to punish for a willful neglect of a clear duty, and to hold it applicable and to apply it in a case where there was an honest dispute, would be harsh and unjust, and contrary to all well settled equitable principles."

This principle was again applied in *Hygelund* v. *Atlas* (1929), 247 Mich 605, 606, 607:

"The acceleration clause of the contract was valid and binding, but should not have been applied, because there was an honest dispute over the amount which the defendant was required to pay."

In both *Wilcox* and *Hygelund* the dispute was over the amount defendant was required to pay under the terms of the contract. In the case at bar the dispute is whether there are any damages arising out of the making of the contract which the defendant may deduct from the purchase price.

Although the lower court found that no misrepresentations were made, the record clearly shows that defendants' claims were made in good faith. The question before this court is, then, whether a good-faith dispute over matters other than the amount due is sufficient for equity to grant relief from the operation of an acceleration clause.

Any distinction between a dispute over the amount due and a dispute as to whether the vendee may set off alleged damages arising out of the making of the land contract is not meaningful in terms of the policy underlying the refusal of equity to enforce an acceleration clause. An important feature of a land contract is the extension of credit by the vendor to the purchaser. It is one of the inducements offered by the vendor to the vendee to make the purchase. Acceleration forfeits the extension of credit and for that reason as stated above in *Wilcox,* "is in the nature of a forfeiture or penalty". The power of a court of equity to relieve from an unreasonable forfeiture is well established.[2] It is that equitable power to which the *Wilcox* court was, no doubt, referring when it concluded that it would be "contrary to all well-settled equitable principles" to enforce an acceleration clause where there was an "honest dispute".

The judgment is, therefore, reversed with directions to the defendants to immediately pay all payments now past due along with 6% interest from the date each payment was due. The defendants may deduct from this payment the $230 awarded them below. Defendants may then continue to make monthly payments upon the unpaid balance according to the terms of the contract.

All concurred.

---

[2] *Rothenberg* v. *Follman* (1969), 19 Mich App 383; *Bilandzija* v. *Shilts* (1952), 334 Mich 421.