Neff, P.J.
 

 Plaintiff appeals by leave granted an order of the Worker’s Compensation Appellate Commission (wcac) reversing the magistrate’s denial of defendants’ request to coordinate plaintiff’s social security survivors’ benefits. We reverse.
 

 
 *376
 
 i
 

 Plaintiff, who was bom in 1929, began working for defendant Shatterproof Glass Corporation in 1969. She suffered a disabling injury in January 1983 and last worked for Shatterproof in April 1983. In July 1991, plaintiff became eligible for social security benefits as a survivor of her husband. She also became eligible on her own for social security old-age benefits. She received $224 a month in survivors’ benefits and $668.50 in old-age benefits. At the time of the wcac’s decision, plaintiff received $239.48 a week in worker’s disability compensation benefits.
 

 In May 1995, defendants determined that plaintiff’s disability benefits should have been coordinated with her social security benefits. Defendants reduced plaintiff’s weekly disability compensation rate and petitioned to recoup a claimed overpayment of disability benefits since May 1994. Plaintiff objected to the coordination of her social security survivors’ benefits and sought reimbursement for the benefits improperly coordinated.
 

 The magistrate concluded that defendants could not coordinate the worker’s compensation disability benefits with plaintiff’s survivors’ benefits. He concluded that only old-age social security benefits could be coordinated. The wcac disagreed with the magistrate. It found that social security survivors’ benefits were subject to coordination with worker’s disability compensation benefits.
 

 n
 

 This case presents an issue of first impression: Whether § 354 of the Worker’s Disability Compensation Act (wdca), MCL 418.354; MSA 17.237(354),
 
 *377
 
 authorizes an employer to coordinate worker’s disability compensation benefits with survivors’ benefits received by the employee under the Social Security Act (SSA), 42 USC 402. We conclude that it does not.
 

 A
 

 This Court may review questions of law involved with any final order of the wcac. MCL 418.861a(14); MSA 17.237(861a)(14);
 
 Goff v Bil-Mar Foods, Inc (After Remand),
 
 454 Mich 507, 512; 563 NW2d 214 (1997). The wcac’s decision may be reversed if the commission operated within the wrong legal framework or based its decision on erroneous legal reasoning. Il
 
 les v Jones Transfer Co (On Remand),
 
 213 Mich App 44, 50; 539 NW2d 382 (1995).
 

 This case involves the construction of MCL 418.354; MSA 17.237(354), which provides for the coordination of worker’s disability benefits with retirement, social security, and other benefits. MCL 418.354(1); MSA 17.237(354)(1). The primary goal in statutory interpretation is to ascertain and give effect to the Legislature’s intent.
 
 Adrian School Dist v Michigan Public School Employees’ Retirement System,
 
 458 Mich 326, 332; 582 NW2d 767 (1998). The statute should be construed reasonably, keeping in mind its purpose and the object sought to be accomplished by the statute.
 
 Gross v General Motors Corp,
 
 448 Mich 147, 158-159; 528 NW2d 707 (1995).
 

 The first step in discerning the intent of the Legislature is to consider the language of the statute.
 
 Chandler v Dowell Schlumberger Inc,
 
 456 Mich 395, 398; 572 NW2d 210 (1998). The language must be read according to its ordinary and generally accepted meaning.
 
 Id.
 
 If the language of the statute is clear and
 
 *378
 
 unambiguous, judicial construction is not permitted.
 
 Frankenmuth Mut Ins Co v Marlette Homes, Inc,
 
 456 Mich 511, 515, 517-518; 573 NW2d 611 (1998). Although statutory interpretation is a question of law, subject to review de novo, reviewing courts accord great weight to the administrative interpretation of a statute, unless that interpretation is clearly wrong.
 
 Hoste v Shanty Creek Management, Inc,
 
 459 Mich 561, 569; 592 NW2d 360 (1999).
 

 B
 

 MCL 418.354(1); MSA 17.237(354)(1) identifies the benefits subject to coordination:
 

 This section is applicable when either weekly or lump sum payments are made to an employee as a result of liability pursuant to section 351, 361, or 835 with respect to the same time period for which old-age insurance benefit payments under the social security act, 42 USC 301 to 1397f; payments under a self-insurance plan, a wage continuation plan, or a disability insurance policy provided by the employer; or pension or retirement payments pursuant to a plan or program established or maintained by the employer, are also received or being received by the employee. Except as otherwise provided in this section, the employer’s obligation to pay or cause to be paid weekly benefits other than specific loss benefits under section 361(2) and (3) shall be reduced....
 

 1
 

 For purposes of this analysis, subsection 1 must be considered with subsection 9 of § 354, which addresses the overpayment of compensation benefits:
 

 
 *379
 
 Except as otherwise provided in this section, any benefit payments under the social security act, or any fund, policy, or program as specified in subsection (1) which the employee has received or is receiving after March 31, 1982 and dming a period in which the employee was receiving unreduced compensation benefits under section 351, 361, or 835 shall be considered to have created an oveipayment of compensation benefits for that period.
 

 The WCAC, relying on subsection 9, concluded that worker’s disability compensation benefits must be coordinated with
 
 any
 
 benefit payments under the SSA, not just those termed “old-age insurance benefits.” However, a clear reading of subsection 1 together with subsection 9 indicates otherwise. Subsection 1 indicates that application of the coordination provision is limited, with respect to social security benefits, to “old-age insurance benefit payments under the social security act.” That subsection defines the applicability of the coordination provisions. Subsection 9 on the other hand, clarifies the date after which the coordination of benefits provision is to be applied. It refers to benefit payments “as specified in subsection (1).” The use of the phrase “any benefit payments under the social security act” necessarily requires consideration of the applicable type of benefits as defined in subsection 1.
 

 A reading of subsection 1 together with subsection 9, indicates that social security benefits other than old-age benefits are not subject to coordination. Therefore, if plaintiff’s survivors’ benefits are not “old-age insurance benefit payments,” then they may not be coordinated with the worker’s disability compensation benefits she receives.
 

 
 *380
 
 2
 

 42 USC 402 defines eligibility for old-age and survivors’ payments. These benefits are treated separately from one another. An individual may be entitled to old-age benefits (or disability), and the individual’s spouse and children may be entitled to benefits based on the individual’s entitlement to old-age (or disability) benefits. 42 USC 402(a), (b), (c), (d). In addition, the surviving spouse of a deceased fully insured individual may be entitled to benefits. The deceased fully insured individual need not be a person entitled to old-age or disability benefits in order for the surviving spouse to receive survivors’ benefits. 42 USC 402(e), (f). Survivors’ benefits are clearly separate from old-age or disability benefits.
 

 The SSA distinguishes old-age benefits from survivors’ benefits. The language used in the federal statutory provisions includes both old-age and survivors’ benefits. Subsection 1 of § 354 refers only to old-age benefits. It does not refer to survivors’ benefits. Our Legislature is presumed to know the provisions of existing legislation when it enacts new legislation.
 
 Nemeth v Abonmarche Development, Inc,
 
 457 Mich 16, 43; 576 NW2d 641 (1998). Had our Legislature intended to include survivors’ benefits in subsection 1 when it amended the wdca to include § 354,
 
 [1]
 
 it would have done so by referring to both old-age and survivors’ insurance benefits received under the SSA.
 

 We also consider it significant that the Legislature enacted § 354 to eliminate redundancy in compensating a wage earner for lost income, recognizing that
 
 *381
 
 after worker’s compensation was created in 1912, other subsequent wage replacement programs frequently resulted in employees receiving a total wage “‘replacement’ greater than the wages the employee earned while on the job.” Senate Legislative Analysis, SB 591 & SB 595, January 7, 1982; see
 
 also Tyler v Livonia Public Schools,
 
 459 Mich 382, 388-389; 590 NW2d 560 (1999) (worker’s compensation reform designed to end duplicate payment);
 
 Drovillard v Stroh Brewery Co,
 
 449 Mich 293, 299-300; 536 NW2d 530 (1995) (the purpose of § 354 “was to prevent duplicate wage-loss payments while maintaining suitable wage-loss benefits”).
 

 Plaintiff’s survivors’ benefits do not duplicate the replacement of her lost wages. The entitlement to ssa secondary benefits is predicated on an individual’s relationship to a contributing wage earner.
 
 Bowen v Owens,
 
 476 US 340, 345; 106 S Ct 1881; 90 L Ed 2d 316 (1986). The purpose of survivors’ benefits is to afford stability to the family as a unit, thereby protecting the family’s economic well-being where there is the loss of a wage earner.
 
 Califano v Goldfarb,
 
 430 US 199, 214; 97 S Ct 1021; 51 L Ed 2d 270 (1977);
 
 Mathews v De Castro,
 
 429 US 181, 187-188; 97 S Ct 431; 50 L Ed 2d 389 (1976). Reducing a wage earner’s wage-loss replacement by coordinating ssa survivors’ benefits deprives the family unit of the stability in maintenance intended under the SSA, which could not have been our Legislature’s purpose in enacting § 354.
 

 The Legislature, by referring to only old-age insurance benefits and not survivors’ insurance benefits in subsection 1, intended that § 354 apply only to old-age insurance benefits under the ssa. The wcac’s interpretation of § 354 is clearly wrong. The commission
 
 *382
 
 erred in concluding that defendants could coordinate plaintiffs worker’s disability compensation benefits with her survivors’ benefits.
 

 Reversed.
 

 [1]
 

 Section 354 was added by 1981 PA 203.
 
 Quinton v General Motors Corp,
 
 453 Mich 63, 68; 551 NW2d 677 (1996).