WASHBURN v MICHAILOFF

Docket No. 216768. Submitted April 12, 2000, at Grand Rapids. Decided April 28, 2000, at 9:15 A.M.

Gary Washburn and others brought an action in the Kent Circuit Court against Mary Michailoff and Michael Makedonsky, seeking an order to accelerate a debt arising from a promissory note payable to Washburn that had been executed by Michailoff and guaranteed by Makedonsky. The note provided for an interest rate of ten percent and contained an acceleration clause that allowed the holder of the note to demand payment of the entire debt upon a failure to make any payment within thirty days of its due date. The court, H. David Soet, J., denied the plaintiffs' motion for summary disposition and granted summary disposition for the defendants, finding that honest disputes regarding who the proper payee was and how much was owing justified a refusal to enforce the acceleration clause. Washburn appealed, and the defendants cross appealed from the court's denial of their request for attorney fees.

The Court of Appeals *held*:

1. The court properly found an honest dispute regarding who the proper payee was and the amount owed. The court properly declined to enforce the acceleration clause. That part of the court's order must be affirmed.

2. The doctrine of anticipatory breach is not applicable because the defendants did not make an unequivocal declaration of an intent not to perform.

3. The statutory penalty provided in MCL 438.32; MSA 19.15(2), which provides that, as part of the penalty for usury, the borrower is entitled to attorney fees from the lender, is applicable here because the promissory note charged a usurious interest rate and the plaintiffs were attempting to compel the defendants to abide by the terms of the usurious contract. Therefore, Michailoff, as the borrower, was entitled to recover attorney fees relating to her assertion of the defense of usury. The part of the court's order denying attorney fees for Michailoff must be reversed and the matter be remanded for a determination of reasonable attorney fees. A guarantor is not a borrower and, therefore, is not entitled to

attorney fees under the statute. The part of the order denying attorney fees for Makedonsky must be affirmed.

Affirmed in part, reversed in part, and remanded.

1. CONTRACTS — EQUITY — ACCELERATION CLAUSES.

Acceleration clauses are valid and enforceable; however, a court may decline to enforce an acceleration clause where it would be inequitable to do so, such as when an honest dispute exists regarding who the proper payee is or the amount owed.

2. CONTRACTS — ANTICIPATORY BREACH.

The doctrine of anticipatory breach of contract may be invoked only where a party to a contract unequivocally declares the intent not to perform duties required by the contract.

3. CONTRACTS — USURY — ACTIONS — ATTORNEY FEES.

A borrower is entitled to have any previously paid interest applied against the outstanding principal when a lender seeks to enforce a usurious contract; pursuant to MCL 438.32; MSA 19.15(2), the borrower is entitled to recover attorney fees relating to the assertion of the defense of usury; a guarantor is not a borrower and is not entitled to attorney fees under the statute.

*Visser & Bolhouse* (by *Donald R. Visser* and *Thomas R. Vander Hulst*), for the plaintiffs.

*Borre, Peterson, Fowler & Reens, P.C.* (by *Harold E. Nelson*), for the defendants.

Before: FITZGERALD, P.J., and BANDSTRA, C.J., and O'CONNELL, J.

O'CONNELL, J. Plaintiff Gary Washburn appeals as of right from the trial court's order denying plaintiffs' motion for summary disposition pursuant to MCR 2.116(C)(10) and instead granting summary disposition for defendants under MCR 2.116(I)(2). We affirm. Defendants cross appeal as of right from the trial court's denial of their request for attorney fees. We affirm in part, reverse in part, and remand.

Defendant Mary Michailoff executed a $40,000 promissory note payable to plaintiff Washburn, with

an interest rate of ten percent and monthly payments of $667. Defendant Michael Makedonsky signed the note as guarantor. The note contained an acceleration clause that allowed the holder of the note to demand immediate payment of the entire debt upon a failure to make any payment within thirty days of its due date. Plaintiff Washburn assigned the note to plaintiffs Janet VanTubergen and Patricia Williams, and later also assigned the note to his ex-wife. Defendants withheld further payments until the proper holder of the note was determined. Plaintiff Washburn revealed that he still had possession of the note, and he then turned it over to plaintiffs VanTubergen and Williams. A dispute then arose between the parties regarding how much was owed in back payments. The trial court, in a separate action, determined that $6,003 was owed in back payments. Defendant Michailoff paid this amount within thirty days. Plaintiffs then brought the instant action, seeking to accelerate the debt because defendant Michailoff had been over thirty days late on several payments.

Plaintiffs moved for summary disposition under MCR 2.116(C)(10), arguing that no factual dispute existed and that they were entitled to accelerate the debt under the terms of the promissory note. However, the trial court refused to enforce the acceleration clause, holding:

> All payments have been timely made except those excused by the plaintiffs[1] or during a period when defendants had a legitimate right to withhold payment until a correct payee could be determined or during a one-month

---

[1] Before the instant dispute arose, plaintiffs had excused some payments at defendants' request.

period when there was a good faith dispute as to the amount in arrears.

The trial court then granted summary disposition in favor of defendants under MCR 2.116(I)(2).

We review the trial court's grant or denial of summary disposition de novo. *Sharper Image Corp v Dep't of Treasury*, 216 Mich App 698, 701; 550 NW2d 596 (1996). The trial court properly grants summary disposition to the opposing party under MCR 2.116(I)(2) if the court determines that the opposing party, rather than the moving party, is entitled to judgment as a matter of law. *Id.*

On appeal, plaintiff Washburn[2] argues that the trial court erred in refusing to enforce the acceleration clause. Acceleration clauses are valid and enforceable. See, e.g., *State-William Partnership v Gale*, 169 Mich App 170, 174; 425 NW2d 756 (1988). However, a court may decline to enforce an acceleration clause where it would be inequitable to do so. *Id.* For example, "[a] court may decline to enforce an acceleration clause when an honest dispute exists." *Mitchell v Dahlberg*, 215 Mich App 718, 726; 547 NW2d 74 (1996). An honest dispute about the amount owed may justify a refusal to enforce the acceleration clause. *Hygelund v Atlas*, 247 Mich 605, 606-607; 226 NW 217 (1929). See also *Wilcox v Allen*, 36 Mich 160, 169 (1877) (holding that to enforce an acceleration clause "in a case where there was an honest dispute,

---

[2] Plaintiffs VanTubergen and Williams were initially parties to this appeal but have been dismissed by order of this Court pursuant to a stipulation of the parties. Therefore, in this opinion, any reference to "plaintiff" refers solely to plaintiff Washburn.

would be harsh and unjust, and contrary to all well settled equitable principles").

In this case, the court correctly found that an honest dispute existed regarding, first, who the proper payee was and, second, what the amount owed was. Therefore, the trial court properly declined to enforce the acceleration clause. Plaintiff argues that each missed payment must be treated as a separate default. However, whether a default existed is not dispositive. The issue is whether the court properly declined to enforce the acceleration clause on equitable grounds, despite the default. Plaintiff also argues that the trial court erred in finding that the action to enforce the acceleration clause was brought after payment had been tendered. Although the trial court was incorrect about the date the instant action was filed, this error was harmless because it was irrelevant to the court's holding. Whether defendants paid the amount in arrears before or after the instant action was filed is not dispositive. The issue, again, is whether the honest dispute about the amount owed justified the court's refusal to enforce the acceleration clause. We conclude that it did. Therefore, the trial court properly granted summary disposition to defendants.

Plaintiff also argues that acceleration of the debt would be proper under the doctrine of anticipatory breach. However, in order to invoke the doctrine, it must be demonstrated that a party to a contract *unequivocally* declared the intent not to perform. *Stoddard v Manufacturers Nat'l Bank of Grand Rapids*, 234 Mich App 140, 163; 593 NW2d 630 (1999). In this case, plaintiff only offers a letter written by defendants' attorney as evidence of defendants' intent

not to perform. The letter, written the day after the proper payee was determined, contains the following statement: "I've discussed this matter with my client and we anticipate that we will be in a position to make some sort of proposal with respect to this obligation early next week." This statement is not an *unequivocal* declaration of an intent to refuse to perform; therefore, it does not constitute an anticipatory breach.

On cross appeal, defendants argue that the trial court erred in refusing to award them attorney fees under MCL 438.32; MSA 19.15(2), because plaintiffs were seeking to enforce a usurious promissory note. MCL 438.32; MSA 19.15(2) provides as follows:

> Any seller or lender or his assigns who enters into any contract or agreement which does not comply with the provisions of this act or charges interest in excess of that allowed by this act is barred from the recovery of any interest, any official fees, delinquency or collection charge, attorney fees or court costs and the borrower or buyer shall be entitled to recover his attorney fees and court costs from the seller, lender or assigns.

This statute is a forfeiture provision that is intended to penalize a lender attempting to enforce a usurious contract. *Federal Deposit Ins Corp v Bergan*, 210 Mich App 698, 705; 534 NW2d 250 (1995); *Allan v M & S Mortgage Co*, 138 Mich App 28, 41; 359 NW2d 238 (1984).

The parties do not dispute that the promissory note charged a usurious interest rate.[3] However, plaintiff argues that the statutory penalty does not apply

---

[3] The note charged ten percent interest, which exceeded the seven percent interest allowed under MCL 438.31; MSA 19.15(1).

because plaintiffs were not attempting to collect the usurious interest in the instant action. We conclude that whether a lender seeks to recover the usurious interest is not the dispositive issue; rather, the issue is whether the lender seeks to enforce the usurious contract itself.

The statutory penalty applies only where the lender seeks to enforce the usurious contract. *Olsen v Porter*, 213 Mich App 25, 30-31; 539 NW2d 523 (1995). In *Olsen*, the lender brought a reformation action to eliminate the usurious interest rate from the contract. This Court held that the statutory penalty was not triggered because the lender was not seeking to "enforce" the contract, but to reform it. The panel noted that the "plaintiffs were neither attempting to make effective the usurious interest rate *nor attempting to compel defendant to abide by the terms of the usurious contract.*" *Id.* at 31 (emphasis added). The panel also noted in dicta that, if the lender brought an action to enforce payment under the contract, the borrower could raise the issue of the applicability of the penalty. *Id.* at 31, n 2.

In this case, plaintiffs sought to enforce the promissory note—indeed, plaintiffs sought enforcement of the note's acceleration clause. Although plaintiffs were not seeking to make the usurious interest rate effective, they were certainly attempting to compel defendants to abide by the terms of the usurious contract. Therefore, the statutory penalty was applicable.

Moreover, when a lender seeks to enforce a usurious contract, the borrower is entitled to have any previously paid interest applied against the outstanding principal. *Osinski v Yowell*, 135 Mich App 279, 287; 354 NW2d 318 (1984). Even if plaintiffs were not

seeking to collect any further usurious interest, they were seeking to accelerate the entire outstanding principal. Plaintiffs made no mention of reducing the principal owed to reflect the already paid interest. Therefore, defendant Michailoff, as the borrower, needed to assert usury as a defense in order to have the already paid interest offset from the principal. Accordingly, defendant Michailoff was entitled to recover attorney fees relating to her assertion of the defense of usury. *Id.* at 288.

Plaintiff argues that defendant Makedonsky may not recover attorney fees because the statutory penalty benefits borrowers only, and Makedonsky was the guarantor, not the borrower. We agree. When we interpret a statute, our primary goal is to give effect to the Legislature's intent. *In re MCI Telecommunications Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). We first look to the language of the statute itself. *Robinson v Shatterproof Glass Corp*, 238 Mich App 374, 377; 605 NW2d 677 (1999). If the language is clear and unambiguous, judicial construction is neither required nor permitted. *In re MCI, supra* at 411. We conclude that MCL 438.32; MSA 19.15(2) is clear on its face.

MCL 438.32; MSA 19.15(2) specifically provides that, as part of the penalty for usury, "the borrower or buyer[4] shall be entitled to recover his attorney fees and court costs from the seller, lender or assigns." The statute does not define the term "borrower." Where a statute does not define one of its terms, we may consult a dictionary, such as Black's Law Dic-

---

[4] In this case, there was no seller or buyer, as in a land contract. Therefore, only the scope of the term "borrower" is relevant to the instant cross appeal.

tionary, for guidance. *Consumers Power Co v Dep't of Treasury*, 235 Mich App 380, 385; 597 NW2d 274 (1999). A guarantor is "[o]ne who makes a guaranty or gives security for a debt." Black's Law Dictionary (7th ed), p 711.[5] A borrower is "[a] person or entity to whom money or something else is lent." *Id.* at 179. To borrow means "[t]o receive money with the understanding or agreement that it must be repaid, usually with interest." *Id.* at 178-179. From these definitions, it is clear that a guarantor is not a borrower. Although a guarantor assumes liability on the borrower's debt, the guarantor does not receive anything from the lender. The lender lends the money to the borrower, not the guarantor. Therefore, because a guarantor is not a "borrower," a guarantor is not entitled to attorney fees under MCL 438.32; MSA 19.15(2).

In interpreting a statute, we must keep in mind its purpose. *Robinson, supra* at 377. We note that our interpretation of MCL 438.32; MSA 19.15(2) is consistent with its purpose—to penalize the lender. *Bergan, supra* at 705. The statute is not designed to compensate those who might be liable on the debt. Because the statute provides a penalty, it must be strictly construed in favor of the person being penalized. *Ellison v Detroit*, 196 Mich App 722, 723; 493 NW2d 523 (1992).

Because the statutory penalty was applicable, the trial court erred in denying attorney fees to defendant Michailoff, and we reverse and remand to the trial

---

[5] It is unclear whether defendant Makedonsky might be considered a surety instead of a guarantor. However, a surety is defined as someone "who is primarily liable for the payment of *another's debt* . . . ." Black's Law Dictionary (7th ed), p 1455 (emphasis added). Therefore, even if we considered defendant Makedonsky a "surety," he was still not a "borrower."

court to determine reasonable attorney fees. However, the trial court did not err in denying attorney fees to defendant Makedonsky, because Makedonsky is not a "borrower."[6] We affirm that portion of the trial court's decision.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[6] Although the trial court did not base its denial of attorney fees on this reason, we will affirm the decision of the court where it reached the right result, albeit for a different reason. *Kosmyna v Botsford Community Hosp*, 238 Mich App 694, 701; 607 NW2d 134 (1999).