*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SOUTHFIELD METRO CENTER HOLDINGS,
LLC,

Plaintiff-Appellee,

v

SKYMARK PROPERTIES II, LLC,

Defendant-Appellant,

and

FEDERAL-MOGUL, LLC.,

Intervening Party.

UNPUBLISHED
December 10, 2020

No. 350707
Oakland Circuit Court
LC No. 2019-170827-CB

Before: MURRAY, C.J., and K. F. KELLY and STEPHENS, JJ.

PER CURIAM.

In this foreclosure case, defendant Skymark Properties, II, LLC (Skymark) appeals as of right a stipulated final order and contests the trial court's decision denying its motion for summary disposition and granting attorney fees and costs to plaintiff Southfield Metro Center Holdings, LLC (SMCH). We affirm.

## I. BACKGROUND

This dispute arises from a mortgage and loan related to a four-tower office building in Southfield. Skymark Properties SPE, LLC (SPE) entered into a mortgage with GreenLake Real Estate Fund, LLC (GreenLake) for three of the four towers. The mortgage secured a December 30, 2016 promissory note. Skymark owned the fourth tower, commonly known as Tower 400. Skymark mortgaged and warranted to GreenLake its right, title, and interest in and to Tower 400 as "Additional Collateral," causing Tower 400 to become part of the mortgaged property under the

-1-

terms of the Mortgage with SPE.[1] The promissory note, as amended, provided an interest only loan on a principal amount of $17,700,000 at 11% interest, and a default interest rate of 25%. SMCH acquired the loan documents in late December 2018, at which time Skymark already had multiple defaults under the note. On December 24, 2019, SMCH sent Skymark a notice of acceleration demanding payment of $25,174,091.58, consisting of various amounts for principal, default interest, unpaid taxes, insurance premiums, and late fees.

On January 2, 2019, SMCH initiated this litigation by filing a complaint against Skymark alleging that Skymark and SPE were in default under the amended note and seeking to enforce its rights for repayment of amounts due under the note and for appointment of a receiver. Rather than file a response to an emergency motion before the trial court, Skymark filed for Chapter 11 Bankruptcy and obtained an automatic stay. SPE had, likewise, filed for bankruptcy, and the cases were jointly administered. In response to dismissal motions filed by SMCH, the receiver, and tenants of the buildings, the bankruptcy court dismissed "based on a lack of good faith and for cause shown" Skymark's and SPE's bankruptcy cases and barred them from filing new bankruptcy cases for two years. The case returned to the trial court where it was reopened.

On March 28, 2019, SMCH began foreclosure proceedings with a notice of foreclosure by advertisement, indicating that a public auction would be held on May 7, 2019, and stating an amount due of $23,819,930.29. On April 8, 2019, Skymark filed a motion requesting that the trial court declare the loan usurious, enjoin the foreclosure, and decline to enforce the acceleration clause. The trial court ultimately held that it was bound by a determination by the bankruptcy court that the loan was not usurious and declined to stay the foreclosure proceedings. Skymark filed a document titled a supplemental brief in support of its motion, to which SMCH objected, arguing that, at best, it was a motion for reconsideration because the trial court had already ruled on the motion. The trial court eventually agreed with SMCH and held that Skymark's supplemental brief was nothing more than a motion seeking reconsideration that failed to demonstrate palpable error. Skymark sought leave to appeal to this Court, in addition to a stay of the upcoming sheriff's sale, both of which were denied. *Southfield Metro Ctr Holdings v Skymark Props II, LLC*, unpublished order of the Court of Appeals, entered May 6, 2019 (Docket No. 348746).

Back before the trial court, Skymark filed what it labeled a motion for summary disposition regarding usury and sought to "clarify" that it was not challenging the terms of the loan itself, but rather SMCH's usurious conduct by charging interest in excess of 25% in the acceleration and foreclosure notices. SMCH responded to the motion by arguing it was a disingenuous attempt to seek yet another "bite at the apple" by simply rearguing the same points the trial court had already rejected. The trial court eventually denied Skymark's motion on grounds that it was a disguised motion for reconsideration. The trial court concluded that Skymark's attempt to distinguish between the loan and SMCH's conduct failed because the bankruptcy court and the trial court had already determined that SMCH's conduct was not usurious. The trial court addressed the two new

---

[1] This case relates solely to Skymark and its vacant tower. Separate but related litigation involves SPE and the other three towers, which it owns.

issues Skymark had raised—its request that the sheriff's sale be set aside and the period of redemption be extended—but declined to consider the remainder of Skymark's arguments.

The parties entered into a stipulated final order that, among other things, granted judgment in favor of SMCH on Skymark's counterclaims and dismissed Skymark's countercomplaint with prejudice. Skymark filed its appeal with this Court. This Court denied Skymark's motion to expedite the appeal or for a stay. *Southfield Metro Ctr Holdings v Skymark Props II, LLC*, unpublished order of the Court of Appeals, entered October 19, 2019 (Docket No. 350707).

## II. ANALYSIS

On appeal, Skymark raises three issues. However, before we consider those issues, we briefly address SMCH's contention that Skymark's representative in the trial courts and bankruptcy courts, Troy Wilson, and counsel for Skymark were not authorized to raise Skymark's claims below or to bring this appeal. SMCH argues this is so because ownership of the corporation that is the indirect owner of Skymark is currently being legally contested and someone else has filed suit in the U.S. District Court for the Eastern District of Michigan and this other person has alleged that he is authorized to act on Skymark's behalf. Thus, according to SMCH, neither the trial court nor this Court can conclude that Wilson and Skymark's purported counsel in fact speak for Skymark. We disagree. SMCH concedes that there was no evidence before the trial court nor now in this Court that Wilson and Skymark's counsel lack or lacked authority, and SMCH has provided no persuasive authority in support of a contrary position. Further, SMCH initiated this litigation against Skymark and has since been satisfied that counsel represents the entity.

## A. USURIOUS INTEREST

Turning to Skymark's substantive appeal, Skymark first argues that SMCH undisputedly charged usurious interest "in violation of MCL 438.32" and that the trial court erred when it concluded that it was bound by the bankruptcy court's holding that the loan was not usurious because 1) it was merely dicta and 2) it only ruled that the loan itself was not usurious and never rendered any ruling about SMCH's conduct in charging usurious interest. Assuming, without deciding, that the trial court erred when it determined that the bankruptcy court's determination on usury was not dicta, we hold that Skymark has waived any argument that SMCH violated MCL 438.32 on the basis of its repeated arguments, both before the trial court and in its brief on appeal, that the loan itself was not usurious, but that SMCH's conduct in charging interest in excess of 25% violated MCL 438.32.

Because this issue involves issues of statutory interpretation and comes before us on the trial court's determination on a motion for summary disposition, our review is de novo. *Hoffman v Boonsiri*, 290 Mich App 34, 39; 801 NW2d 385 (2010) (statutory interpretation); *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009) (summary disposition). Skymark's entire claim is premised on the contention that SMCH's acceleration and foreclosure notices constitute "charging" usurious interest in violation of MCL 438.32. We agree with Skymark that there are two types of usury—1) usurious contracts and 2) usurious conduct with respect to nonusurious contracts. However, we conclude that the error in Skymark's argument is that it has misinterpreted MCL 438.32 to apply to the latter, when it only applies to the former.

"The primary goal of statutory interpretation is to give effect to the Legislature's intent[.]" *Klooster v City of Charlevoix*, 488 Mich 289, 296; 795 NW2d 578 (2011). "When the language is clear and unambiguous, [this Court] will apply the statute as written and judicial construction is not permitted." *Driver v Naini*, 490 Mich 239, 247; 802 NW2d 311 (2011).

MCL 438.32 provides:

> Any seller or lender or his assigns who enters into any contract or agreement which does not comply with the provisions of this act or charges interest in excess of that allowed by this act is barred from the recovery of any interest, any official fees, delinquency or collection charge, attorney fees or court costs and the borrower or buyer shall be entitled to recover his attorney fees and court costs from the seller, lender or assigns.

Skymark's argument that SMCH's acceleration and foreclosure notices constitute the "charging" of usurious interest is premised on its interpretation that the phrase "charg[ing] interest in excess of that allowed by this act" refers to "[a]ny seller or lender." However, this interpretation violates the last antecedent rule. "[T]he last antecedent rule [is] a rule of statutory construction that provides that 'a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent, unless something in the statute requires a different interpretation.' " *Hardaway v Wayne Co*, 494 Mich 423, 427; 835 NW2d 336 (2013) (citation omitted). Under the last antecedent rule, the clause "or charges interest in excess of that allowed by this act" describes "any contract or agreement" into which the seller or lender entered. Thus, the penalties found in MCL 438.32 apply to "[a]ny seller or lender or his assigns" who enters into a usurious contract, i.e., one that "does not comply with the provisions of this act" or that "charges interest in excess of that allowed by this act." Indeed, this interpretation is consistent with our characterization of MCL 438.32 as "a forfeiture provision that is intended to penalize a lender attempting to *enforce a usurious contract*." *Washburn v Michailoff*, 240 Mich App 669, 674; 613 NW2d 405 (2000) (emphasis added). Accordingly, whether SMCH's notices "charged" Skymark usurious interest is irrelevant to whether SMCH violated MCL 438.32. Instead, because Skymark has conceded that the contract is nonusurious, it has conceded that SMCH did not violate MCL 438.32.[2]

## B. ACCELERATION CLAUSE

---

[2] This is not to say that usurious conduct related to nonusurious contracts is without a remedy; it is just that the remedy is not found in MCL 438.32. Instead, Skymark's remedy for any alleged usurious conduct premised on the nonusurious contract had to be alleged as a violation of MCL 438.41. To the extent that Skymark wishes to argue that it did cite MCL 438.41 in its complaint against SMCH, Skymark has waived any such argument by expressly stating on appeal that the issue was whether SMCH had charged usurious interest "in violation of MCL 438.32." See *Farm Credit Servs of MI's Heartland, PCA v Weldon*, 232 Mich App 662, 683-684; 591 NW2d 438 (1998) ("Because error requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence, defendants have waived our review of this issue.").

Skymark next requests that this Court "reject" SMCH's efforts to accelerate the debt because there was an "honest dispute about the amount." We review a trial court's decision whether to enforce an acceleration clause for an abuse of discretion. See *Washburn*, 240 Mich App at 672-673 (holding that a trial court "may decline to enforce an acceleration clause where it would be inequitable to do so"). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

> Acceleration clauses are valid and enforceable. See, e.g., *State-William Partnership v Gale*, 169 Mich App 170, 174; 425 NW2d 756 (1988). However, a court may decline to enforce an acceleration clause where it would be inequitable to do so. *Id*. For example, "[a] court may decline to enforce an acceleration clause when an honest dispute exists." *Mitchell v Dahlberg*, 215 Mich App 718, 726; 547 NW2d 74 (1996). An honest dispute about the amount owed may justify a refusal to enforce the acceleration clause. *Hygelund v Atlas*, 247 Mich 605, 606-607; 226 NW 217 (1929). See also *Wilcox v Allen*, 36 Mich 160, 169 (1877) (holding that, to enforce an acceleration clause "in a case where there was an honest dispute, would be harsh and unjust, and contrary to all well settled equitable principles"). [*Washburn*, 240 Mich App at 672-673.]

Skymark contends that there was "certainly" an honest dispute about the amount owed because SMCH asserted three different amounts. We find this argument unpersuasive. The different amounts SMCH asserted were due under the loan, in the acceleration notice, and the foreclosure notice did not, by themselves, create an honest dispute. Amounts alleged to be due in an acceleration notice and a notice of foreclosure generally differ because time has passed and interest and other fees have likely accrued between the issuance of an acceleration notice and a notice of foreclosure. To claim that different figures on these documents establishes an honest dispute regarding the amount would essentially render all acceleration clauses unenforceable. Such a conclusion is illogical and inconsistent with *Washburn*.

We are also unpersuaded by Skymark's assertion that because the monetary default was caused by the receiver, the circumstances "militated" in favor of Skymark's assertion that the trial court "erroneously enforced the acceleration clause." Skymark's failure to pay the debt was neither the first nor the sole default. Rather, Skymark's own actions caused the other defaults— failure to take care of the property requiring appointment of a receiver and change in control— either of which was sufficient to entitle SMCH to accelerate the loan. Under these circumstances, the receiver's independent decision to stop making payments under the loan was, essentially, irrelevant and does not favor Skymark. Furthermore, *Washburn* does not indicate that an honest dispute about the amount due *requires* a trial court to refuse to enforce an acceleration clause. Rather, it provides that such a circumstance *may* justify such a refusal. *Id.* Thus, whether a trial court refuses to enforce an otherwise valid acceleration clause is discretionary. Although Skymark has asserted that the trial court erred, it provides little, if any, support for its statement and, therefore, we hold that Skymark has both failed to show that the trial court's decision fell outside of the range of reasonable and principled outcomes, *Maldonado*, 476 Mich at 388, and waived consideration of this issue for failure to "prime the pump", *Cadle Co v City of Kentwood*, 285 Mich App 240, 258 n 10; 776 NW2d 145 (2009), quoting *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998).

-5-

## C. SHERIFF'S SALE

Lastly, Skymark requests that this Court exercise its authority and set aside the sheriff's sale. Because we conclude that Skymark no longer has any right to or interest in the property, and because Skymark has failed to establish that the grounds that would permit us to set aside a sheriff's sale are present, we deny Skymark's request.

"Pursuant to MCL 600.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit . . . ." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). "If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished." *Id.*, citing *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942). Here, Skymark made no attempt to avail itself of the right of redemption and, therefore, lost all rights in and to the property. This occurs even if the mortgagor files suit with respect to the property before the period of redemption has expired. See *Bryan*, 304 Mich App at 714 ("Plaintiffs lost all interest in the subject property when the redemption period expired . . . . Moreover, it does not matter that plaintiffs filed this action one week before the redemption period ended. The filing of this action was insufficient to toll the redemption period. . . . Once the redemption period expired, all plaintiffs' rights in the subject property were extinguished." [Citation omitted]).

Skymark is correct that Michigan courts have some ability to set aside statutory foreclosures and accurately indicates that the standard is "fraud or irregularity, or some peculiar exigency." *Kubicki v MERS*, 292 Mich App 287, 289; 807 NW2d 433 (2011). However, Skymark neglects to note that the fraud, irregularity, or peculiar exigency must occur in the foreclosure process itself. See generally, *id*. Notably, Skymark has not mentioned a single event in the foreclosure process that it believes involved fraud, an irregularity, or a peculiar exigency. Rather, it circles its argument back to whether the note was usurious—which is irrelevant to the question of whether this Court has the authority to set aside a foreclosure.

Furthermore, "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void ab initio." *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115; 825 NW2d 329 (2012). In order for a court to set aside a foreclosure sale, the mortgagor must show that it was prejudiced by whatever fraud or irregularity occurred, and prejudice must be demonstrated by showing that it "would have been in a better position to preserve their interest in the property absent" the fraud or irregularity. *Id.* at 115-116. Given that Skymark has not asserted any irregularities or fraud in the foreclosure proceeding itself, let alone showed that it would have been in a better position to preserve its interest in the property absent such circumstances, Skymark is not entitled to the limited exception that permits courts to set aside foreclosures after the period of redemption has expired.

Affirmed.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens